UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRYAN RIVERS, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 15-6884 (RBK) (JS) |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | : | OPINION |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

The plaintiff is a former state prisoner who was previously incarcerated at the Camden County Correctional Facility. During the pendency of this action, plaintiff was released and is now residing in Roanoke, Virginia. Plaintiff is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.   BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening Opinion. Plaintiff names the following defendants in this case: (1) New Jersey Department of Corrections; and (2) Warden David S. Owens.

Plaintiff's complaint relates to three separate causes of action. First, plaintiff alleges that he is being unlawfully detained past his calculated maximum release date as he claims he should be released as of September 3, 2015.[1] Second, plaintiff asserts that the law library facilities at the Camden County Correctional Facility are inadequate. He states that there are no operable typewriters or word processors and that the kiosks only provide him with limited research programs. Finally, plaintiff alleges that the defendants have failed to uphold the second consent decree in Civ. No. 05-0063. He claims that there is overcrowding at the Camden County Correctional Facility in that there are three-to-four inmates per cell. He asserts that the overcrowding continues to contribute to unsafe and unhealthy health conditions.

Plaintiff requests monetary damages as relief for these claims.

### III.   LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged

---

[1] As noted above, plaintiff is no longer incarcerated as he was released from incarceration at some point after this Court received his complaint on September 16, 2015.

deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

As plaintiff is proceeding with this case *in forma pauperis*, district courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to

support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

## IV.   DISCUSSION

A.  <u>Unlawful Detainment</u>

As stated above, plaintiff's first claim is that he was unlawfully detained past his calculated maximum release date. "It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action." *Williams v. Consovoy,* 453 F.3d 173, 177 (3d Cir. 2006) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973)). This Court interprets this first claim as a challenge to the duration of plaintiff's confinement. He needs to bring this claim in a habeas corpus petition, not this civil rights complaint under Section 1983. Indeed, plaintiff states that he has filed a habeas petition in state court. Accordingly, this Court finds that plaintiff has failed to state a Section 1983 claim with respect to his unlawful detainment as such a claim is proper in a habeas corpus action. *See Preiser*, 411 U.S. at 490 ("[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement."); *Razzoli v. FCI Allenwood*, 200 F. App'x 166, 169 (3d Cir. 2006) (per curiam) ("The function of habeas corpus is to provide release from illegal custody.") (citation omitted). Thus, this claim will be dismissed without prejudice.

B.  <u>Inmate Legal Services</u>

Plaintiff next alleges that the Camden County Correctional Facility has an inadequate law library. "The Supreme Court has recognized that 'adequate law libraries' are a component of the right of access to the courts." *O'Connell v. Williams,* 241 F. App'x 55, 57 (3d Cir. 2007) (per curiam) (citing *Bounds v. Smith,* 430 U.S. 817, 828 (1977)). "Where prisoners assert that

defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the claim other than in the present denial of access suit." *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir.2008) (citing *Christopher v. Harbury,* 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the lost remedy' " *Id.* at 205–06 (citing *Christopher,* 536 U.S. at 416–17) (footnotes omitted).

In this case, plaintiff has not alleged any "actual injury" as defined in *Christopher* and *Monroe.* In particular, he does not identify any claim or issue that he lost the chance to pursue as a result of the inadequate law library at the Camden County Correctional Facility. Accordingly, this claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

   C. <u>Overcrowding Conditions</u>

Finally, plaintiff argues that his constitutional rights have been violated due to overcrowding conditions in the Camden County Correctional Facility. He claims that there are three-to-four inmates per cell and that the defendants have failed to uphold a consent decree in Civ. No. 05-0063.

Civ. No. 05-0063 is a certified class action which challenges the conditions of confinement at the Camden County Correctional Facility. The certified class in that case is all individuals who have been incarcerated at that facility from January 6, 2005 until that case is terminated. Thus, plaintiff is a member of that certified class. Accordingly, to the extent that

plaintiff believes that a consent decree is not being adhered to from that case, that issue should be raised in Civ. No. 05-0063, not this case.

Nevertheless, this Court notes that Civ. No. 05-0063 does not involve monetary damages, but this case does. Therefore, this Court will analyze plaintiff's overcrowding allegations to determine if he states a claim.

The Eighth Amendment requires prison official to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must '"take reasonable measures to guarantee the safety of the inmates."' *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). A prisoner asserting a condition of confinement claim must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Id.* at 834 (citing *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). These minimal civilized measures of life's necessities include food, clothing, shelter, sanitation, medical care and personal safety. *See Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249, 256 (3d Cir. 2010) (citations omitted). The plaintiff must also allege that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson v. Seiter,* 501 U.S. 294, 298–99 (1991). Thus, '"the official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference."' *Wilson v. Burks,* 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) (quoting *Farmer,* 511 U.S. at 837). In analyzing whether the conditions of confinement violate the Eighth Amendment, a court examines the totality of the conditions at the institution. *See Nami v. Fauver,* 82 F.3d 63, 67 (3d Cir. 1996). "Relevant considerations include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise,

education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such as plumbing, ventilation, and showers." *Id.* (citing *Tillery v. Owens,* 907 F.2d 418, 427 (3d Cir. 1990)); *see also Riley v. DeCarlo,* 532 F. App'x 23, 26 (3d Cir. 2013) (per curiam).

Plaintiff fails to state an Eighth Amendment claim. Indeed, he does not state how many inmates the cells are supposed to hold. Thus, it is not clear that three-to-four inmates per cell is actual overcrowding. Nevertheless, even assuming hypothetically that each cell is only supposed to hold two inmates, the complaint still does not state an Eighth Amendment claim. As courts have noted, the fact that a plaintiff is confined in a cell not expressly designed to accommodate that number of inmates is insufficient in and of itself to violate the Eighth Amendment. *See Gibase v. George W. Hill Corr. Facility*, No. 14-3261, 2014 WL 2749366, at *2 (E.D. Pa. June 16, 2014) ("[Housing multiple inmates in a cell does not alone established a constitutional violation.") (citing *Hubbard v. Taylor*, 538 F.3d 229, 236 (3d Cir. 2008); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam)); *Knight v. Wapinsky*, No. 12-2023, 2013 WL 786339, at *6 (M.D. Pa. Mar. 1, 2013) (stating that absent allegations that triple or quadruple celling deprived inmate of basic human needs, inmate fails to state an Eighth Amendment claim) (citations omitted); *Wagner v. Algarin*, No. 10-2513, 2010 WL 5136110, at *3 (E.D. Pa. Dec. 16, 2010) ("'The Constitution does not mandate comfortable prisons.'") (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Without further allegations that the conditions of confinement deprived plaintiff of any basic human need, the complaint fails to state an Eighth Amendment conditions of confinement claim.

Plaintiff's claim that the overcrowding contributes to unsafe and unhealthy conditions is conclusory. Without factual allegations indicating how the overcrowding contributes to unsafe

and unhealthy living conditions, this allegation does not satisfy what is required under *Iqbal* to state a claim. Accordingly, this claim will also be dismissed without prejudice for failure to state a claim upon which relief may be granted.

    D.  State Law Claims

Plaintiff also alleges that his rights under the New Jersey Constitution were violated. As shown above, there are no more federal claims remaining against the defendants. The remaining potential basis for plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* § 1367(c)(3). Because plaintiff's federal claims against the defendants no longer remain, this Court will exercise its discretion to decline supplemental jurisdiction over plaintiff's state law claims.

## V.    CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice as plaintiff fails to state a federal claim upon which relief may be granted and the Court declines supplemental jurisdiction over the remaining state law claims. Because it is possible that plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein, plaintiff will be given leave to file a proposed amended complaint should he elect to do so. An appropriate order will be entered.


DATED:   December 1, 2015

                                                    s/Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge